An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RUSSELL C. CALLAHAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63895

**FILED**

NOV 1 2 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of three counts of lewdness with a child under the age of 14 years. Third Judicial District Court, Lyon County; Leon Aberasturi, Judge.

Appellant Russell Callahan first argues that the district court erred in dismissing prospective jurors for cause after the jurors gave only cursory statements that they could not handle the subject matter and without any in-depth inquiry as to whether they could be fair and impartial. Callahan argues that the district court should have examined the prospective jurors individually in his chambers because the cursory inquiry and dismissal created a domino effect of dismissals for cause for the same reason. Because he did not object below, we review Callahan's claim for plain error. *LaChance v. State*, 130 Nev., Adv. Op. 29, 321 P.3d 919, 928 (2014). We must therefore determine "whether there was error, whether the error was plain or clear, and whether the error affected the defendant's substantial rights." *Id.* (internal quotations omitted). Callahan has not demonstrated error that is plain from the record. The district court has broad discretion in deciding to remove prospective jurors for cause, and a prospective juror should be removed when their views

SUPREME COURT
OF
NEVADA

(O) 1947A

15-34508

would prevent or substantially impair the performance of their duties as jurors. *Weber v. State*, 121 Nev. 554, 580, 119 P.3d 107, 125 (2005). Eleven of the jurors removed for cause indicated that they were unable to be impartial or had difficulty in remaining impartial because they or someone close to them had been victims of prior sexual violations. The district court made findings regarding the visual reactions of at least three prospective jurors dismissed for cause. In two instances, the district court asked if defense counsel wanted further inquiry and in both instances defense counsel agreed that the jurors should be dismissed for cause. The district court did inquire of many of the prospective jurors whether they could remain fair and impartial. Callahan has failed to cite to any legal authority requiring the district court to conduct an individual voir dire under the facts in this case, and thus we decline to consider this argument. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). Further, even assuming that the district court should have asked every juror about their ability to remain impartial and fair before dismissing the jurors for cause, appellant failed to demonstrate that his substantial rights were prejudiced because he failed to demonstrate that the dismissals for cause resulted in the empanelling of a jury that was not fair or impartial. *Weber*, 121 Nev. at 581, 119 P.3d at 125.

Next, Callahan argues that he was denied a fair trial because there was no independent evaluation of the abilities of the children to tell the truth or whether the children were free from outside pressures and influences. It does not appear from the portions of the record provided that Callahan ever filed a motion for an independent evaluation, and thus

this claim is reviewed for plain error.[1] *LaChance*, 130 Nev., Adv. Op. 29, 321 P.3d at 928. Callahan has not demonstrated error that is plain from the record. During the trial, each of the children was questioned about their ability to tell the truth from a lie. In considering the childrens' answers during voir dire and the testimony provided by each child, Callahan fails to demonstrate that the district court abused its discretion in finding the children competent to testify, and any inconsistencies in their testimony went to the weight of the evidence not the competency of the witnesses. *See Evans v. State*, 117 Nev. 609, 624, 28 P.3d 498, 509 (2001). The fact that the children were not able to provide dictionary definitions of "truth" and "lie" does not demonstrate that the children were incompetent to testify. *Id.* (setting forth factors to consider in a competency determination). Callahan further fails to present any specific argument regarding evidence of coaching or outside pressures and the documents presented to this court reveal no such evidence.

Finally, Callahan argues that the district court erred in excluding a portion of the preliminary hearing transcript setting forth an alleged prior inconsistent statement of K.R. regarding whether Callahan had touched her. The district court has "considerable discretion in determining the relevance and admissibility of evidence." *Archanian v. State*, 122 Nev. 1019, 1029, 145 P.3d 1008, 1016 (2006). The district court excluded the evidence of the allegedly inconsistent statement because the question posed was compound, the victim was stuttering during the answer, and there was an interruption. The district court determined that

---

[1]While Callahan did make an objection during N.K.'s voir dire, the basis for the objection was not the lack of an independent evaluation.

it was not a complete or absolute answer. And despite being asked to repeat the question during the preliminary hearing because the judge had not heard the answer, Callahan did not repeat the question. Under these facts, Callahan fails to demonstrate that the district court abused its discretion in excluding the partial preliminary hearing transcript.[2]

Having concluded that Callahan's arguments are without merit, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

cc:  Hon. Leon Aberasturi, District Judge
     Anne W. Laughlin
     Attorney General/Carson City
     Lyon County District Attorney
     Third District Court Clerk

---

[2]We further note that Callahan has not provided this court with a complete preliminary hearing transcript. From the portion of the transcript provided, however, the allegedly prior inconsistent statement is actually inconsistent with K.R.'s prior testimony at the preliminary hearing.